ALICE M. BATCHELDER, Chief Judge,
dissenting.
I must respectfully dissent from the majority’s decision because, in my view, the Michigan Court of Appeals’s denial of Tit-low’s ineffective assistance claim was reasonable. Our review of the Michigan Court of Appeals’s application of Strickland is “doubly deferential,” as we must “take a highly deferential look at counsel’s performance through the deferential lens of § 2254(d).” Cullen v. Pinholster, — U.S. -, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) (internal citation and quotation marks omitted). The Michigan Court of Appeals properly denied Titlow’s claim because the record does not establish that advice from her counsel, Frederick Toca, was the reason Titlow chose to withdraw her plea. But even if Toca had encouraged Titlow to withdraw her plea, such advice did not fall below an objective standard of reasonableness.
The primary error in the majority’s opinion lies in its basic premise — that Tit-low chose to withdraw her plea because of Toca’s advice. Even if Toca’s performance was deficient, which in my view it was not, the record does not establish that Toca’s advice was the decisive factor in Titlow’s decision to -withdraw her plea. “A defendant challenging his attorney’s conduct during plea bargaining must .... show that his lawyer’s deficiency was a decisive factor in his decision to plead.” Short v. United States, 471 F.3d 686, 692 (6th Cir.2006) (internal citation and quotation marks omitted). The record shows that Titlow wanted to withdraw her plea before she ever enlisted Toca as counsel. In fact, her desire to withdraw her plea, in response to Detective Ott’s statement that she should not plead guilty if she was not guilty, was the reason she sought new counsel — Toca, as it turned out. More importantly, Titlow has argued throughout her appeals and habeas proceedings that it was Detective Ott’s statement that motivated her to change her plea.[1] Titlow has not presented any evidence indicating that Toca advised her to withdraw her plea or that he was otherwise a decisive factor in her decision to go to trial. Instead, the record indicates that she had wanted to change her plea and enlisted Toca as new counsel to do just that.
Even if Toca was the reason Titlow chose to withdraw her plea, the record does not establish that his performance was deficient. The majority conducts a de novo review of Toca’s performance after determining that the Michigan Court of Appeals based its determination on an unreasonable assessment of the facts. In doing so, the majority misreads the Michigan Court of Appeals’s opinion, which states that the record indicates that Toca’s advice “was set in motion” by Titlow’s assertion of innocence. The majority con- *594 eludes that this was an unreasonable assessment of the facts because Toca never mentioned Titlow’s innocence at the change of plea hearing and instead argued for withdrawal based on the excessiveness of the sentence. However, the Michigan Court of Appeals recognized that the basis for the plea withdrawal was the excessiveness of the sentence, see Michigan v. Tit-low, No. 241285, 2003 WL 22928815, at *1 (Mich.Ct.App. Dec. 11, 2003), and Toca’s statements at the change of plea hearing do not contradict the court’s conclusion that his advice stemmed from her assertion of innocence. Instead, the record, and Titlow’s own arguments throughout her appeals, support the Michigan court’s conclusion because they demonstrate that she chose to obtain new counsel only after she had passed a polygraph test and Detective Ott advised her that she should not plead guilty if she was not guilty. Any advice that Titlow may have received from Toca was the result of Titlow’s wanting new counsel and no longer wanting to plead guilty. The fact that at the hearing Toca asserted a separate reason for withdrawing the plea does not undermine this conclusion. Accordingly, the Michigan Court of Appeals did not base its determination on an unreasonable assessment of the facts.
Finally, even under de novo review, Tit-low has not established that Toca’s performance was deficient. First, Toca’s decision to move for withdrawal of the plea based on either Titlow’s claims of innocence or the excessiveness of the sentence was reasonable. It is undoubtedly reasonable for an attorney to recommend that his client reject a plea if the client maintains her innocence, as the record suggests Tit-low did. It is just as reasonable for an attorney to advise a client that pleading to an above-guidelines sentence was not in her best interest. The majority concludes that Toca was deficient because he did not investigate Titlow’s case file before moving to withdraw her plea. But, there is nothing in the record establishing that the case file would have undermined any advice that Toca may have given Titlow. The state’s evidence did not assure a first-degree murder conviction; indeed, the jury convicted Titlow of a lesser-included offense. Even if Toca had reviewed the case file, advising Titlow to withdraw her guilty plea either because she maintained her innocence or because she pleaded to an above-guideline sentence, in my view, does not fall below an objective standard of reasonableness.
Moreover, the time line of events leading to the plea withdrawal sheds some light on Toca’s decision not to review the case file. Following her discussion with Detective Ott, Titlow eventually signed a fee agreement with Toca on November 26th. Billie Rogers’s trial, in which Titlow agreed to testify as part of her plea, was scheduled to begin on November 29th. If Titlow wanted to withdraw her plea, as the record suggests, then she needed to make a decision before she had to testify in Rogers’s trial. So on November 29th, Toca, having represented Titlow for only three days (formally substituting as counsel that day), moved to withdraw Titlow’s plea. With such a short time frame, Toca’s decision to move to withdraw the plea without reviewing the case file seems reasonable.
Second, Titlow has not overcome the strong presumption that Toca exercised reasonable professional judgment during his representation. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although “failure to provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance,” Moss v. United States, 323 F.3d 445, 474 (6th Cir.2003), there is nothing in *595 the record showing that Toca failed to so advise Titlow. She has not presented any evidence that she lacked any information when she made the decision to withdraw her plea. Rather, Titlow affirmed at the change of plea hearing that she was aware that withdrawing her plea to manslaughter subjected her to a potential life sentence for first-degree murder. The burden is on the defendant to present evidence establishing that counsel was ineffective, and the defendant’s chance of success does not rest on the government’s or counsel’s ability to refute the claim of ineffectiveness, as the majority suggests. See Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Short, 471 F.3d at 692 (“[Djefendants alleging ineffective assistance of counsel bear a heavy burden of proof.” (internal quotation marks omitted)). Titlow has simply not presented any evidence that Toca gave her deficient advice. Instead, she argues that Toca’s motion to withdraw the plea was a “reckless roll of the dice.” But “[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.” Strickland, 466 U.S. at 690, 104 S.Ct. 2052. Although Toca did not pick up the file before moving for the plea withdrawal, Titlow has not explained how the file would have undermined the reasonableness of the plea withdrawal and, therefore, has not overcome the strong presumption of reasonableness.
The majority cites Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), as a case involving a “similar constitutional violation” without recognizing the crucial distinction between that case and this one — that the petitioner in Lafler presented actual evidence that he received deficient advice. Specifically, both the petitioner and his former counsel testified at a Michigan v. Ginther, 390 Mich. 436, 212 N.W.2d 922 (1973), hearing, and their testimonies established that counsel had informed the petitioner of an incorrect legal rule that caused the petitioner to reject a plea offer. Titlow has not presented any similar evidence, as she did not have a Ginther hearing. Unlike Lafler, this case offers absolutely no evidence from which we can discern that Titlow received deficient advice. As the majority recognizes, “the record contains no details about Toca’s conversations with Titlow” before the change of plea hearing. Without evidence that Toca gave incorrect advice or evidence that he failed to give material advice, Titlow cannot establish that his performance was deficient.
Although I would not reach the Lafler question because I do not believe that Titlow has established that her counsel was deficient, I cannot agree with the majority’s description of Lafler*s requirements of the trial court during its reconsideration of the plea offer. Lafler does not, as the majority states, require the trial court to consult the plea agreement; it simply says that the “baseline” of the original plea offer “can be consulted in finding a remedy.” Lafler, 132 S.Ct. at 1389. Lafler also does not require the trial court to resentence Titlow. Instead, Lafler states that once the prosecution reoffers the plea proposal, “the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed.” Id. Moreover, it is not the trial court’s responsibility, as the majority states, to “fashion a sentence for Titlow that ... remedies the violation of her constitutional right,” as the remedy for the violation is the government’s reoffering of the original plea agreement. See id. (“In these circumstances, the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal....”). Lafler *596 does not impose such requirements on the trial court, and the majority’s statements to the contrary are incorrect.
The record does not establish that Toca was the reason Titlow withdrew her plea. Nor does it establish that his performance fell below an objective standard of reasonableness. Accordingly, the Michigan Court of Appeals’s denial of Titlow’s ineffective assistance claim was reasonable and, therefore, I must respectfully dissent.

. On habeas review, we are not free to choose one side of the facts, but the majority does just that in its description of some of the evidence presented at trial. For example, the record indicates that Detective Ott referred Titlow to his own attorney, Saunders Dorsey, and did not recommend Toca. Likewise, the majority states that the "evidence suggests” Billie smothered Donald when Titlow left the room in spite of the fact that the record contains testimony that Titlow was in the room at the time.